**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MARCUS CONERY/MALIK,
ADC #100469                                                                                       PLAINTIFF

v.                                         2:11-cv-00123-BSM-JTK

MOSES JACKSON, III, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the Defendant's Summary Judgment Motion (Doc. No. 21).[1] By Order dated May 24, 2012, this Court directed Plaintiff to file a Response to the Motion within ten days of the date of the Order, and advised him that failure to respond could result in the dismissal without prejudice of his Complaint for failure to prosecute (Doc. No. 24). The copy of the Order mailed to Plaintiff at his last-known address was returned to Sender on June 11, 2012 (Doc. No. 26). As of this date, Plaintiff has not responded to

---

[1] Defendant Ester is the sole remaining Defendant in this action.

Defendant's Motion.[2]

Plaintiff filed this 42 U.S.C. § 1983 action while incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He alleged that Defendant Jackson falsely charged him with a disciplinary violation, and that Defendant Ester conducted an unconstitutional hearing which resulted in Plaintiff's conviction. By Order dated August 29, 2011, this Court dismissed Plaintiff's allegations against Defendant Jackson, leaving the sole issue to be whether or not Defendant Ester violated his due process rights by denying his requested witnesses at the disciplinary hearing (Doc. No. 11). Plaintiff asks for monetary and injunctive relief.

## II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb

---

[2] Local Rule 5.5(c)(2) provides, "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . ." While this Court could dismiss Plaintiff's complaint without prejudice for failure to prosecute pursuant to this Local Rule, the Court will address the merits of Defendant's Motion.

v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In support of his Motion, Defendant Ester states that Plaintiff fails to support a due process claim because he does not state how the conditions of his thirty days of confinement constituted an atypical and significant hardship within the meaning of Sandin v. Connor, 515 U.S. 472, 483-6 (1994). In addition, he states Plaintiff cannot show a violation of due process with respect to his disciplinary hearing procedures, where Plaintiff was given the opportunity to be heard, where "some evidence" was found to support the disciplinary board's decision, and where Plaintiff had access to a three-level appeal process. See Superintendent v. Hill, 472 U.S. 445, 455 (1985). Defendant states no genuine issues of fact exist concerning whether some evidence supported his decision, which was based on staff reports. (Doc. No. 22-1, pp. 2-3, 10-11.)

Absent a response from Plaintiff, the Court accepts as true the Defendant's Statement of Material Facts not in dispute (Doc. No. 22). According to that Statement, Plaintiff appeared before the disciplinary hearing on September 14, 2010, at which time he was given

an opportunity to give a statement to the hearing officer. (Id. at p. 2.) The hearing officer found Plaintiff guilty of the charges, based on eyewitness evidence from the charging officer's report. (Id. at p. 2; Doc. No. 22-1, p. 6.) In addition, Plaintiff appealed his conviction to the three levels of the Warden, Hearing Officer Administrator, and ADC Director, all who upheld his conviction. (Id.)

According to Superintendent v. Hill, the only inquiry to be made by this Court is whether "some evidence" supports the disciplinary hearing officer's decision. 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require an examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-6. In light of such, this Court finds that the Defendant did not violate Plaintiff's due process rights by relying on the charging officer's statement as "some evidence" to support the conviction.

**III.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 21) be GRANTED, and that Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 26th day of June, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE